**Russell McPHAIL and J. Marion Martin, Plaintiffs,**

v.

**BANGOR PUNTA CORPORATION, a Delaware corporation, et al., Defendants.**

**No. 68-C-261.**

United States District Court, E. D. Wisconsin.

Aug. 12, 1974.

See also, D.C., 58 F.R.D. 638.

---

Whyte, Hirschboeck, Minahan, Harding & Harland by Reginald W. Nelson and G. Hans Moede III, Milwaukee, Wis., for plaintiffs.

Foley & Lardner by Steven E. Keane, Milwaukee, Wis., for Bangor Punta.

Quarles & Brady by Laurence C. Hammond, Jr., and W. S. Parsons, Milwaukee, Wis., for individual defendant.

## ORDER

MYRON L. GORDON, District Judge.

The plaintiffs seek "an order requiring the defendant Bangor Punta Corpo-ration to place in escrow the proceeds of the . . . sale of Waukesha Motor Company . . . pending a determination of the action on its merits and requiring defendant Bangor Punta Corporation to advise the Court of any further action it may take or contemplate taking with respect to the disposition of Waukesha Motor Company or any assets thereof or with respect to the proposed use of any proceeds of any such disposition."

The theory of the plaintiffs' case, as revealed in the complaint, is that the 1968 merger of Bangor Punta Corporation and Waukesha Motor Company was consummated through the fraudulent conduct of the defendants. Having determined to effect the merger for their own self interests, the defendants are alleged to have engaged in an illegal pattern of behavior which effectively denied the Waukesha Motor Company shareholders their legal right to determine if the merger would take place.

On July 1, 1974, the defendant Bangor Punta sold its interest in Waukesha Motor Company. Claiming that Bangor Punta has a "large debt posture" and "a recent history of liquidating assets and dissipating corporate funds," the plaintiffs maintain that unless their motion is granted they will be denied one of the remedies sought in this action—the rescission of the merger agreement.

In order for the plaintiffs to prevail on this motion, the court would have to find that the plaintiffs, as *potential* creditors of Bangor Punta, are entitled to enjoin its normal spending of money and its use of corporate assets. A court will enjoin the use of money and assets to assure a defendant's ultimate capacity to respond in damages where it is shown that an *actual* debtor is in the process of dissolution or is otherwise transferring assets for less than full value in an effort to hinder, delay or defraud its creditors. Is the instant situation analogous?

It should be noted that those of the plaintiffs' largely conclusory allegations

1033

regarding Bangor Punta's financial condition are challenged in the defendants' brief and that the plaintiffs have chosen not to respond thereto.

I have considered the arguments advanced by counsel with respect to this motion and conclude that, at least at this stage of these proceedings and upon the record before me, there exists no basis whatsoever, either in law or in fact, for this court to grant the extraordinary relief requested.

Therefore, it is ordered that the plaintiffs' motion to have the funds involved placed in escrow be and hereby is denied.